PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEON PETERSON, | ) |
| | ) CASE NO. 1:24-CV-418 |
| Petitioner, | ) (1:20-CR-563) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** |
| | ) [Resolving ECF Nos. 45, 48] |

Pending before the Court are Petitioner Deon Peterson's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 45) and *pro se* Motion for Jail Time Credit (ECF No. 48). For the following reasons, Petitioner's motions are denied.

I.     Background

A grand jury indicted Petitioner on charges of: (1) distribution of cocaine base; and (2) distribution of heroin and methamphetamine. ECF No. 1 at PageID #: 1. Petitioner plead guilty to both counts. Minutes of proceedings, 03/14/2022. The Court sentenced Petitioner to 27 months of imprisonment and 3 years of supervised release as to each of Counts 1 and 2, each term to be served concurrently. ECF No. 38. The Court recommended that the Bureau of Prisons ("BOP") allow Defendant to receive credit for time already served in federal custody. ECF No. 38 at PageID #: 199. In June 2023, the Court ordered that a warrant be issued for Petitioner's arrest because he was released from state custody without satisfying his federal sentence. *See* ECF No. 41 (Court only). It is not clear from the docket when Petitioner was returned to federal custody.

(1:24-CV-418)
(1:20-CR-563)

Petitioner is now housed at FCI Hazelton.[1] In March 2024, Petitioner filed his first motion for Jail Time Credit (ECF No. 44) and the instant motion to vacate (ECF No. 45). The Court denied Petitioner's first motion for jail time credit. *See* Order [non-document], 03/18/2024. The Court also ordered the Government to respond to Petitioner's motion to vacate. ECF No. 46. The Government answered, and Petitioner has now filed another motion for jail time credit (ECF No. 48) and addressed a letter to the undersigned. Because Petitioner makes the same allegations in his § 2255 application and motion for jail time credit, the Court considers them together.

## II.     Discussion

Petitioner asserts that the Court granted him nineteen (19) months of jail time credit, but the BOP refuses to grant him this time credit. *See* ECF 45 at PageID #: 229. The Government responds that Petitioner should instead present his request as a motion under 28 U.S.C. § 2241. ECF No. 47.

> 28 U.S.C. § 2255 states:
>
> > A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner does not allege constitutional violations, lack of jurisdiction, an excessive sentence or other collateral attack. Therefore, Petitioner does not properly bring a motion pursuant to

---

[1] Petitioner filed his § 2255 application while housed at FCI Beckley (ECF No. 45 at PageID #: 228). Petitioner is now housed at FCI Hazelton with an expected release date of February 6, 2025. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 28, 2024).

2

(1:24-CV-418)
(1:20-CR-563)

§ 2255. Instead, Petitioner's motion pursuant to § 2255 and his motion for jail time credit challenge the execution of his sentence. Challenges to the execution or manner of a sentence should be brought pursuant to 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Therefore, if Petitioner exhausts his administrative remedies and still believes that the BOP has erred in calculating his sentence, he may file a habeas petition pursuant to 28 U.S.C. § 2241 with the correct district court.[2]

Furthermore, determinations regarding Petitioner's credit for time served prior to sentencing rests exclusively with the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Therefore, the Court is without authority to award Petitioner credit for time served prior to sentencing. This is why, at Petitioner's sentencing, the Court *recommended*, rather than ordered, that Petitioner be given time for credit served. Accordingly, the Court denies Petitioner's motions.

### III. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 45) and Motion for Jail Time Credit (ECF No. 48) are denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[2] A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is properly brought in the district court that has personal jurisdiction over Petitioner's custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319–20 (6th Cir. 2003).

3

(1:24-CV-418)
(1:20-CR-563)

The Clerk of this Court is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Deon Peterson, FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.

IT IS SO ORDERED.

| | |
|---|---|
| August 29, 2024 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |